UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

RICHARD BENJAMIN, D.P.M.
10900 SE 174th Place
Summerfield, Florida 34491

    Plaintiff,

v.

GREATER SOUTHEAST COMMUNITY
HOSPITAL
1310 Southern Avenue, S.E.
Washington, D.C. 20032

    Defendant.

CIVIL ACTION NO: 1:07-CV-01907-RMC

## ANSWER

Defendant, Greater Southeast Community Hospital ("Defendant"), by its undersigned counsel, hereby files its Answer to Plaintiff's Complaint, and in support thereof, states as follows:

### FIRST DEFENSE

### JURISDICTION AND VENUE

1.    The allegations regarding Plaintiff pertain to a party other than the Defendant and therefore, require no response from the Defendant. To the extent a response is deemed to be required, the Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations and therefore denies the same and demands strict proof thereof.

- 2 -

2.      It is admitted that Greater Southeast Community Hospital is a corporation licensed to do business in the District of Columbia and operates Greater Southeast Community Hospital.

3.      The allegations set forth in Paragraph 3 of the Complaint are jurisdictional in nature to which no response is required.  To the extent a response is deemed to be required, the Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations and therefore denies the same and demands strict proof thereof.

4.      The allegations set forth in Paragraph 4 of the Complaint are jurisdictional in nature to which no response is required.  To the extent a response is deemed to be required, the Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations and therefore denies the same and demands strict proof thereof.

**FACTS**

5.      In response to Paragraph 5 the Defendant repeats, reasserts and reincorporates by reference its answers to the allegations contained in Paragraph 1 through 4 as if fully set forth herein.

6.      This Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.  Therefore, pursuant to the Rules of Civil Procedure, the allegations are deemed denied.

7.      The allegations set forth in Paragraph 7 of the Complaint are denied and the Defendant demands strict proof thereof.

8.      The allegations set forth in Paragraph 8 of the Complaint are denied and the Defendant demands strict proof thereof.

9.      The allegations set forth in Paragraph 9 of the Complaint are denied and the Defendant demands strict proof thereof.

280973.1

10. This Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint. Therefore, pursuant to the Rules of Civil Procedure, the allegations are deemed denied.

## COUNT I

### (Negligence)

11. In response to Paragraph 11 the Defendant repeats, reasserts and reincorporates by reference its answers to the allegations contained in Paragraph 1 through 10 as if fully set forth herein.

12. The Defendant denies allegations set forth in paragraph 12 of the Complaint and demands strict proof thereof.

13. The Defendant denies allegations set forth in paragraph 13 of the Complaint and demands strict proof thereof.

14. The Defendant denies allegations set forth in paragraph 14 of the Complaint and demands strict proof thereof.

The "WHEREFORE" Paragraph contains legal conclusions and characterizations of the relief Plaintiff seeks in this action, to which no response is required; however, to the extent that a response may be required, the Defendant denies that Plaintiff is entitled to the relief she seeks.

The Defendant denies any and all allegations set forth in the Complaint to the extent they are not specifically responded hereto elsewhere in this Answer, and accordingly, the Defendant demands strict proof thereof.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The losses, injuries, and damages, if any, alleged to have been suffered or incurred by the Plaintiff were caused or contributed to by persons, entities, conditions, or events unrelated and/or not under the control of the Defendant and for which the Defendant cannot be held legally responsible.

**FOURTH DEFENSE**

The alleged injuries and/or damages, if any, may be due to the plaintiff's sole and/or contributory negligence.

**FIFTH DEFENSE**

The alleged injuries and/or damages, if any, of the plaintiff may be barred by the doctrine of assumption of the risk.

**SIXTH DEFENSE**

The defendant complied with the applicable standard of care, did not breach any duty allegedly owed to Plaintiff, and did not cause the injuries and/or damages alleged.

**SEVENTH DEFENSE**

Any acts or omissions, which Plaintiff alleges on the part of the Defendant, were not substantial or proximate causes or factors of the injuries/damages referred to and identified in Plaintiff's Complaint.

**EIGHTH DEFENSE**

Plaintiff has waived, released, or is otherwise estopped from asserting the claims alleged in his Complaint.

**NINTH DEFENSE**

Plaintiff has suffered no damages/injuries/losses, and in the alternative, if, in fact, Plaintiff has sustained any damages/injuries/losses, Plaintiff has failed to minimize, mitigate, or

avoid any alleged loss or damage, or to take all reasonable steps to prevent further damages/injuries/losses, or to mitigate any damages/injuries/losses arising therefrom.

### TENTH DEFENSE

Plaintiff's damages, if any, were caused by a supervening or intervening cause.

### ELEVENTH DEFENSE

Plaintiff's damages, if any, were caused by a third-party, who is not a party to this action, for which the Defendant cannot be held legally responsible.

### TWELFTH DEFENSE

The Defendant may not be held accountable for all damages claimed in this action, by virtue of the doctrine of Apportionment, Indemnification, and/or Contribution.  The Defendant reserves the right to file a cross-claim against any other Defendant or file a claim against any as yet unnamed individual or entity.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of "laches."

### RESERVATION

The Defendant may have additional defenses that cannot now be articulated due to the generality of Plaintiff's claims and the fact that discovery has not yet commenced.  Accordingly, the Defendant reserves the right to supplement the foregoing and to raise additional defenses that may become evident during the course of this action or as the discovery progresses.

WHEREFORE, the Defendant requests that this Court enter an Order:

1. Dismissing the Complaint with prejudice;

2. Denying all relief sought by the Complaint;

3. Awarding the Defendant its costs and attorney's fees;

4. Providing for such other relief as this Court may deem appropriate.

280973.1

Respectfully submitted,

----- /s/ Camille E. Shora, Esq. -----
Catherine A. Hanrahan (Bar #441775)
Camille E. Shora (Bar #481281)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1341 G Street, NW, Suite 500
Washington, DC  20005-3300
Tel. (202) 626-7660
Fax (202) 628-3606
Catherine.Hanrahan@wilsonelser.com
Camille.Shora@Wilsonelser.com
*Attorneys for Defendant*

- 6 -

280973.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November 2007, a copy of the foregoing Answer was e-filed and e-served and mailed via first class mail, postage prepaid on:

Bruce M. Bender, Esq.
Axelson, Williamowsky, Bender & Fishman, P.C.
401 N. Washington Street, Suite 550
Rockville, MD 20850
*Attorney for Plaintiff*

----- /s/ Camille E. Shora, Esq. -----
Camille E. Shora
