UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD BENJAMIN, D.P.M. : | |
| Plaintiff : | |
| v. : | Civil No. 1:07-cv-01907 RMC |
| : | |
| GREATER SOUTHEAST COMMUNITY HOSPITAL : | |
| Defendant : | |

## JOINT REPORT TO THE COURT IN COMPLIANCE WITH LOCAL RULE 16.3

COME NOW the Plaintiff, RICHARD BENJAMIN, DPM, by and through counsel, AXELSON & WILLIAMOWSKY, P.C., and the Defendant, GREATER SOUTHEAST COMMUNITY HOSPITAL, by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and hereby submit this report in compliance with Local Rule 16.3 of the Rules of the United States District Court for the District of Columbia and the November 20, 2007 Order for Initial Scheduling Conference, and state that they have agreed as follows:

1.   Statement of the Case, Claims and Defenses:

Plaintiff has brought this action in negligence against Greater Southeast Hospital alleging that he suffered severe personal injuries while performing a surgical procedure at said hospital as a podiatrist. Plaintiff specifically alleges that the defendant was negligent by providing to him defective equipment (i.e. a micro drill) that was unsafe to perform an operation. Plaintiff also alleges that Defendant's agents negligently increased air pressure on said drill. Plaintiff alleges that these acts of negligence caused Plaintiff severe and permanent injuries. The statutory basis for jurisdiction is diversity jurisdiction, 28 U.S.C. Section 1332.

Defendant denies negligence, denies that it owed Plaintiff any duty, and claims that if it were to be found negligent, Plaintiff contributed to the incident and his injuries and/or knowingly assumed the risk associated with the equipment used. Further, Defendant questions Plaintiff's claimed injuries and the amount of Plaintiff's damages.

2. The parties do not anticipate filing any dispositive motions at this stage of the proceedings.

3. The parties are not sure if additional parties or filing any amendments to the pleadings will be made. However, if necessary, the parties will do so within the next 60 days.

4. The parties are not opposed to assigning this case to a Magistrate Judge.

5. At this point it is too early to determine the prospects for settlement. Counsel for the parties will be open to settlement discussions as discovery progresses.

6. At this point, the parties do not know if Alternative Dispute Resolution procedures would be useful. As discovery progresses, however, and the parties begin settlement discussions, assistance from the Court might help the parties. The parties will let the Court know if an ADR referral would be helpful.

7. The parties request that the following deadlines be established regarding summary judgment:

    a) Defendant's Motion for Summary Judgment - 30 days after completion of discovery;

    b) Plaintiff's Opposition to Motion for Summary Judgment - 30 days thereafter;

    c) Defendant's Reply Memorandum - 10 days thereafter.

8. The parties stipulate to dispense with the initial disclosures, required by Fed. R. Civ. P. Rule 26(a)(1), as the parties intend to provide to each other the information to be exchanged pursuant to that Rule through discovery requests.

9. The parties request that the discovery remain open for 284 days after the initial status conference, through October 13, 2008.

10  That the parties agree as to the following deadlines:

    a) Interrogatories and Requests for Production of Documents to be answered (therefore, they must be served at least 30 days before the deadline) 03/15/2008

    b) Identification of all fact witnesses who may testify at trial 04/11/2008

    c) Plaintiff's Expert Designation deadline - 06/15/2008

    d) Defendant's Expert Designation deadline -   08/14/2008

    e) Plaintiff's Rebuttal Designation deadline -   09/15/2008

    f) Close of Discovery -   10/13/2008

    g) Dispositive Motions Due -   10/31/2008

11. The parties do not believe that any Protective Orders will be necessary.

12. The parties agree that at this time, that bifurcation for purpose of discovery or trial is not indicated.

13. The parties requires that the Pretrial Conference date be set at the initial Scheduling Conference, to be no sooner than 30 days after the deadlines for filing dispositive motions.

14. The parties request that the Court set a trial date at the Pretrial Conference. The parties further request that the Court schedule a final Pre-Trial Conference 30 days prior to the trial date.

**AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C.**

By: /S/
Bruce M. Bender, Bar # 381319
401 N. Washington St., Suite 550
Rockville, MD 20850
Tel. (301) 738-7660
**Attorneys for Plaintiff**

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /S/
Catherine A. Hanrahan (Bar #441775)
Camille E. Shora (Bar #481281)
1341 G Street, NW, Suite 500
Washington, DC 20005-3300
Tel. (202) 626-7693
Catherine.Hanrahan@wilsonelser.com
Camille.Shora@wilsonelser.com
**Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Rule 16.3 Report, was e-filed and e-served on this 20th day of December 2007 to:

Catherine A. Hanrahan
Camille E. Shora
1341 G Street, NW, Suite 500
Washington, DC 20005-3300
*Counsel for Defendant*

                                            ----- /s/ Bruce M. Bender, Esq. -----
                                            Bruce M. Bender, Esq.